David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
Millicent Wong, Esq. (SBN 366897)
mwong@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:   (949) 942-8500
Facsimile:   (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAUMER, JR., an individual, | CASE NO. |
| Plaintiff, | (San Joaquin County Superior Court) (Case No. STK-CV-UPI-2026-0000142) |
| v. | |
| WALMART, INC., a Delaware corporation; and DOES 1 (MANAGER); and DOES 2-50, inclusive, | **DEFENDANT WALMART INC. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ.** |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of San Joaquin to the United States District

1

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff JAMES DAUMER, JR. is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## I. INTRODUCTION

On January 9, 2026, plaintiff JAMES DAUMER, JR. ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of San Joaquin, entitled "*JAMES DAUMER, JR., an individual, v. WALMART, INC., a Delaware corporation; DOE 1 (MANAGER); and DOES 2-50, inclusive,*" as Case Number STK-CV-UPI-2026-0000142. Plaintiff alleges two causes of action for general negligence and premises liability arising out of a trip and fall accident that is alleged to have occurred on January 15, 2024, in the County of San Joaquin, in Lodi, California.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

The Complaint was served on Defendant on February 24, 2026. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the initial Complaint on Defendant.

Defendant was also served with a Statement of Damages on February 24,

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)

2026, where Plaintiff asserts that he is entitled to general damages in the amount of $1,000,000.00 and special damages in the amount of $1,000,000.00. A true and correct copy of Plaintiff's Statement of Damages is attached as **Exhibit B**.

This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

## II. BASIS FOR REMOVAL

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of San Joaquin. (Davidson Dec., ¶ 3.)

Defendant is a citizen of the Delaware where it was incorporated, with its principal place of business in the State of Arkansas. (*Id*. at ¶ 7.) A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit C**. (*Id.*) A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit D**. (*Id.*)

There is one other defendant named in this action, "DOE 1 (MANAGER)." (*Id*. at ¶ 8.) No first or last name is provided and there is no indication that he or she has been served with the complaint. (*Id.*) The defendants identified as "DOES 2 through 50" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

The inclusion of "Doe" defendants in the state court Complaint has no effect

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).)

In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).)  The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction.  The Ninth Circuit was clear when it indicated the same.  (See *Soliman*, 311 F.3d at 966.)  The parties are accordingly completely diverse, and jurisdiction is proper.

Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.  Upon request, however, he is required to provide a detailed statement of damages within fifteen (15) days.  (See Cal. Civ. Proc. §425.11.)

Plaintiff alleges in the Complaint that he suffered "severe injury and pain." (*Id*. at ¶ 2.)  At the time Plaintiff served his Complaint, he also served a Statement

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER**
**28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

of Damages.  (*Id*. at ¶ 3.)  He claims damages in excess of $1,000,000 in general damages and $1,000,000 in special damages as contained in his Statement of Damages.  (*Id*.)  Therefore, the amount of damages vastly exceeds $75,000.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages totaling $2,000,000.  (Davidson Dec., ¶ 2–7.)

Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of San Joaquin to the United State District Court for the Eastern District of California is appropriate.

The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of San Joaquin, where this action was originally filed, is located within this federal judicial district. Additionally, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of San Joaquin in the State of California. (Davidson Dec., ¶ 4–7.)

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Joaquin, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of San Joaquin to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: March 17, 2026                    O'HAGAN MEYER

By: /s/ David Davidson
    David Davidson, Esq.
    Alina Goncharova, Esq.
    Millicent Wong, Esq.
    Attorneys for Defendant,
    WALMART, INC.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

## DECLARATION OF DAVID DAVIDSON, ESQ.

I, David Davidson, declare as follows:

1.      I am an attorney duly authorized and licensed to practice before this Court, as well as all courts of the State of California, Washington and Iowa.  I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.  The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A**.

3.      As a result of the subject fall, plaintiff JAMES DAUMER, JR. ("Plaintiff") alleges in his complaint that he endured "severe injury and pain."  He claims damages in excess of $1,000,000 in general damages and $1,000,000 in special damages as contained in his Statement of Damages, attached as **Exhibit B**.

4.      According to the Complaint prepared and submitted by Plaintiff, I am informed and believe that he resides in San Joaquin County, California.

5.      I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time he filed his Complaint.

6.      The subject accident allegedly occurred on January 15, 2024, at a Walmart store located in the City of Lodi, in the County of San Joaquin, California.

7.      Walmart, Inc. is incorporated in Delaware with its principal place of

1

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

business in the State of Arkansas. A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit C**. A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit D**.

8. A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit E**.

9. There is one other defendant named in this case, "DOE 1 (MANAGER)" with no first or last name is provided and there is no indication that he or she has been served with the complaint in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on March 12, 2026.

/s/ David Davidson
David Davidson, Esq., Declarant

2

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1332, 1441, 1446 (DIVERSITY)**

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** WALMART, INC., a Delaware corporation; (
*(AVISO AL DEMANDADO):* Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES DAUMER JR., an individual.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically Filed
Superior Court of California
County of San Joaquin
2026-01-09 10:23:48
Clerk: Tracy Hoffmaster**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Joaquin
180 E. Weber Avenue
Stockton, California 95202

CASE NUMBER:
*(Número del Caso):*
**STK-CV-UPI-2026-0000142**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Sue H. Kim, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DOWNTOWN LA LAW GROUP
540 S Santa Fe Ave., Los Angeles, CA 90013          (213) 389-3765

DATE:
*(Fecha)* **2026-01-09**  **Stephanie Bohrer**  Clerk, by
*(Secretario)* _____ , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* FEB 2 4 2026

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-200(A)**

| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DOE 1 (MANAGER); and DOES 2-50, inclusive.

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER: 310334 | FOR COURT USE ONLY |
|---|---|
| NAME: Sue H. Kim, Esq.<br>FIRM NAME: DOWNTOWN LA LAW GROUP<br>STREET ADDRESS: 540 S Santa Fe Ave.<br>CITY: Los Angeles    STATE: CA    ZIP CODE: 90013<br>TELEPHONE NO.: (213) 389-3765    FAX NO.: (877) 389-2775<br>EMAIL ADDRESS: Sue@downtownlalaw.com<br>ATTORNEY FOR (name): JAMES DAUMER JR | **Electronically Filed**<br>**Superior Court of California**<br>**County of San Joaquin**<br>**2026-01-09 10:23:48**<br>**Clerk: Tracy Hoffmaster** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| STREET ADDRESS: 180 E. Weber Avenue<br>MAILING ADDRESS: 180 E. Weber Avenue<br>CITY AND ZIP CODE: Stockton, CA 95202<br>BRANCH NAME: Stockton Courthouse | **Case Management Conference**<br>**2026-07-09 8:45AM in 10B** |

PLAINTIFF: JAMES DAUMER JR., an individual.

DEFENDANT: WALMART, INC., a Delaware corporation; (Additional Parties Attachment form is attached)

☐ DOES 1 TO

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| ☐ **AMENDED (Number):** | STK-CV-UPI-2026-0000142 |

**Type (check all that apply):**

☐ MOTOR VEHICLE    ☒ OTHER (specify): General Negligence
   ☐ Property Damage    ☐ Wrongful Death
   ☒ Personal Injury    ☒ Other Damages (specify): Premises Liability

**Jurisdiction (check all that apply):**

☐ ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
  Amount demanded ☐ does not exceed $10,000
              ☐ exceeds $10,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

1. Plaintiff (name or names): JAMES DAUMER JR., an individual.

    alleges causes of action against **defendant** (name or names): WALMART, INC., a Delaware corporation;
    (Additional Parties Attachment form is attached)

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

    a. ☐ **except** plaintiff (name):

        (1) ☐ a corporation qualified to do business in California.

        (2) ☐ an unincorporated entity (describe):

        (3) ☐ a public entity (describe):

        (4) ☐ a minor    ☐ an adult

            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.

            (b) ☐ other (specify):

        (5) ☐ other (specify):

    b. ☐ **except** plaintiff (name):

        (1) ☐ a corporation qualified to do business in California.

        (2) ☐ an unincorporated entity (describe):

        (3) ☐ a public entity (describe):

        (4) ☐ a minor    ☐ an adult

            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.

            (b) ☐ other (specify):

        (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

MC-025

| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* <u>COMPLAINT - ATTACHMENT PAGE</u>
<u>(Additional Parties Attachment form is attached)</u>

*(This Attachment may be used with any Judicial Council form.)*

COMPLAINT - ATTACHMENT PAGE (Additional Parties Attachment form is attached)

DEFENDANT:

DOE 1 (MANAGER); and DOES 2-50, inclusive.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** _____ **of** _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

PLD-PI-001

| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except** defendant *(name):* WALMART, INC
      (1) ☐ a business organization, form unknown.
      (2) ☒ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1-50          were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1-50          are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

---

**COMPLAINT—Personal Injury, Property**
                                        **Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☒ Premises Liability

f. ☐ Other *(specify)*:

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.

b. ☒ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☒ property damage.

f. ☒ loss of earning capacity.

g. ☒ other damage *(specify)*: Prejudgment interest and interest on damages including but not limited to under Civil Code Sections 3287, 3288, 3291 and/or as allowed by law, common law or otherwise. Other damages, including loss of profits and special damages, unknown at this time which Plaintiff will prove at time of trial.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

   (2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

   (1) ☒ according to proof.

   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 1/9/2026

Sue H. Kim, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(2)

| | |
|---|---|
| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |

___FIRST___  **CAUSE OF ACTION—General Negligence**   Page _____
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* JAMES DAUMER JR., an individual.

alleges that defendant *(name):* WALMART, INC., a Delaware corporation; DOE 1 (MANAGER); and DOES 2-50, inclusive.

[X] Does ____1____ to ____50____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* or about January 15, 2024
at *(place):* or near 1601 S Lower Sacramento Rd., Lodi, CA 95242

*(description of reasons for liability):*

On or about January 15, 2024, Plaintiff was lawfully on the premises of Defendants WALMART, INC., a Delaware corporation: DOE 1 (MANAGER); and DOES 2-50, inclusive, located at or near 1601 S Lower Sacramento Rd., Lodi, CA 95242. Plaintiff was walking within the produce department within subject premises when he stepped on water and/or an unknown substance on the floor causing him to slip and fall, thereby causing Plaintiff to endure severe injury and pain.

Plaintiff is informed and believes, and based upon such information alleges that Defendant DOE 1 (MANAGER) was a supervisor and/or manager of the store at the time of Plaintiff's incident. Based on information and belief, Defendant DOE 1 (MANAGER) is now, and at all times mentioned in this complaint was, an adult resident of San Joaquin County, California. It is believed that Defendant DOE 1 (MANAGER) was responsible for the maintenance of the store at the time of Plaintiff's incident, was responsible to verify that there was in place a policy which provided for the maintenance of the store according to industry standards, was responsible for the training and education of the store employees who were tasked with conducting the maintenance of the store, and was responsible for verifying that the store be maintained according to industry standards and sufficient policies and procedures.

At all times herein mentioned, defendants, and each of them, had sole and exclusive custody and control of the aforesaid premises and activities occurring at said premises, and owed a duty to this Plaintiff and others lawfully on said premises to keep said premises in a good and safe condition; contrary thereto, Defendants, and each of them, were negligent and careless in the ownership, care, control, maintenance, operation, leasing, management, caretaking, repairing, of said premises, in that they caused and permitted said premises to be and remain in a dangerous and unsafe condition in that defendants, and each of them, caused or permitted structures and/or components and/or other parts of said premises to be and remain, wet, and otherwise deficient. In addition, Defendants, and each of them were negligent and careless in that they failed to properly warn of the dangerous condition, and in that they failed to properly protect the area of said dangerous condition. Defendants failed to have reasonable inspection procedures and/or did not follow those procedures. The condition existed for a sufficient amount of time that Defendants were aware or should have been aware of the condition. Thus, Defendants knew or should have known of the condition and should have eliminated, guarded against or warned of the condition.

Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the dirty, slippery and/or wet floor in said establishment was in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

By reason of the aforesaid negligence and carelessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, dangerously dirty, slippery and/or wet floor that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

Page 1 of 1

PLD-PI-001(4)

| SHORT TITLE: JAMES DAUMER JR. vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

_____SECOND_____ **CAUSE OF ACTION—Premises Liability**   Page _____
       (number)

ATTACHMENT TO   [ X ] Complaint   [ ] Cross - Complaint
_(Use a separate cause of action form for each cause of action.)_

Prem.L-1. Plaintiff _(name):_ JAMES DAUMER JR., an individual.
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On _(date):_ or about January 15, 2024        plaintiff was injured on the following premises in the following
fashion _(description of premises and circumstances of injury):_ On or about January 15, 2024, Plaintiff was
lawfully on the premises of Defendants WALMART, INC., a Delaware corporation: DOE 1 (MANAGER);
and DOES 2-50, inclusive, located at or near 1601 S Lower Sacramento Rd., Lodi, CA 95242. Plaintiff was
walking within the produce department within subject premises when he stepped on water and/or an
unknown substance on the floor causing him to slip and fall, thereby causing Plaintiff to endure severe injury
and pain.

Prem.L-2.   [ X ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were _(names):_ WALMART, INC., a Delaware corporation: DOE 1 (
MANAGER); and DOES 2-50, inclusive

[ X ] Does ____1____ to ____50____

Prem.L-3.   [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
_(names):_

[ ] Does _____ to _____

Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were _(names):_

[ ] Does _____ to _____

a. [ ]   The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]   The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ ] **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were _(names):_

[ ] Does _____ to _____

b. [ ]   The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows _(names):_

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

CM-010

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Sue H. Kim, Esq.<br>FIRM NAME: DOWNTOWN LA LAW GROUP<br>STREET ADDRESS: 540 S Santa Fe Ave.<br>CITY: Los Angeles<br>TELEPHONE NO.: (213) 389-3765<br>EMAIL ADDRESS: Sue@downtownlalaw.com<br>ATTORNEY FOR (name): JAMES DAUMER JR | STATE BAR NUMBER: 310334<br><br><br><br>STATE: CA    ZIP CODE: 90013<br>FAX NO.: (877) 389-2775 | FOR COURT USE ONLY<br><br>**Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2026-01-09 10:23:48<br>Clerk: Tracy Hoffmaster** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS: 180 E. Weber Avenue
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

CASE NAME: JAMES DAUMER JR. vs. WALMART, INC., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | STK-CV-UPI-2026-0000142<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

---

Judicial Council of California, courts.ca.gov<br>Rev. January 1, 2026, Mandatory Form<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3<br>Westlaw Doc & Form Builder

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes   ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*:

a. ☒ monetary

b. ☐ nonmonetary; declaratory or injunctive relief

c. ☐ punitive

4.  Number of causes of action *(specify)*: Two

5.  Is this case a class action suit?    ☐ Yes   ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/9/2026

Sue H. Kim, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

**Civil Case Cover Sheet**



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
  Wrongful Death
Uninsured Motorist (46) *(if the case involves
  an uninsured motorist claim subject to
  arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
  environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians &
    Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g.,
    assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
  *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not
    medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not
    unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff
    *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
  accounts) (09)
  Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord-tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
  check this item; otherwise, report as
  Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case
    Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
  involves an Employment Development
  Department decision, check this item
  instead of Wrongful Termination or Other
  Employment)*

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
  (47)
Insurance Coverage Claims *(arising from
  provisionally complex case type listed
  above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister-State Judgment
  Administrative Agency Award *(not unpaid
    taxes)*
  Petition/Certification of Entry of Judgment
    on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only Injunctive Relief
    Only *(non-harassment)*
  Mechanic's Lien
  Other Commercial Complaint Case *(non-
    tort/non-complex)*
  Other Civil Complaint *(non-tort/non-
    complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UPI-2026-0000142**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 07/09/2026 | Time: 8:45 AM Department: 10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE BLANCA BANUELOS IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 01/09/2026                                   _____Tracy Hoffmaster_____,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

**- DO NOT FILE WITH THE COURT -**

**CIV-050**

**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: <br> Sue H. Kim, Esq.  (SBN 310334) <br> Downtown L.A. Law Group <br> 540 S. Santa Fe Avenue <br> Los Angeles, CA 90013 <br> sue@downtownlalaw.com <br> ATTORNEY FOR *(name)*: Plaintiff, James Daumer Jr. <br> **TELEPHONE NO.:** (213) 389-3765 | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS: 180 E. Weber Ave.
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: San Joaquin County Superior Court

PLAINTIFF: James Daumer Jr., an individual.

DEFENDANT: Walmart, Inc., a Delaware corporation et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> STK-CV-UPI-2026-0000142 |
|---|---|

To *(name of one defendant only):* Walmart, Inc., a Delaware corporation
Plaintiff *(name of one plaintiff only):* James Daumer Jr., an individual.
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................................. $ 1,000,000.00
   b. [ ] Emotional distress. ...................................................................................... $ _____
   c. [ ] Loss of consortium ....................................................................................... $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* .................. $ _____
   e. [ ] Other *(specify)* _____ $ _____
   f. [ ] Other *(specify)* _____ $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ....................................................................... $ 1,000.000.00
   b. [ ] Future medical expenses *(present value)* ................................................... $ _____
   c. [ ] Loss of earnings *(to date)* .......................................................................... $ _____
   d. [ ] Loss of future earning capacity *(present value)* .......................................... $ _____
   e. [ ] Property damage ......................................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* .......................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ............... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* _____ $ _____
   j. [ ] Other *(specify)* _____ $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $ _____
   when pursuing a judgment in the suit filed against you.

Date: 02/23/2026

Sue Kim, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-050 [Rev. July 1, 2025]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
courts.ca.gov

**CIV-050**

| | |
|---|---|
| PLAINTIFF: James Daumer Jr., an individual. | CASE NUMBER: |
| DEFENDANT: Walmart, Inc., a Delaware corporation et al | STK-CV-UPI-2026-0000142 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the

   a. ☐ Statement of Damages    ☐ Other    *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant    ☐ other    *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business

      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing

      (1) date:
      (2) place:

2. Manner of service *(check proper box):*

   a. ☐ **Personal service.** By personally delivering copies. (Code Civ. Proc., § 415.10.)

   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(a).)

   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(b).) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Code Civ. Proc., § 415.30.) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (Code Civ. Proc., § 415.40.) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*

      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.

4. Fee for service: $

5. Person serving:

   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

| | | |
|---|---|---|
| CIV-050 [Rev. July 1, 2025] | **PROOF OF SERVICE**<br>**(Statement of Damages)** | Page 2 of 2<br>Code of Civil Procedure §§ 425.11, 425.115 |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]

# EXHIBIT B

**- DO NOT FILE WITH THE COURT -**

**CIV-050**

**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: (213) 389-3765 | FOR COURT USE ONLY |
|---|---|---|
| Sue H. Kim, Esq.  (SBN 310334) Downtown L.A. Law Group 540 S. Santa Fe Avenue Los Angeles, CA 90013 sue@downtownlalaw.com ATTORNEY FOR *(name)*: Plaintiff, James Daumer Jr. | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS: 180 E. Weber Ave.
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: San Joaquin County Superior Court

PLAINTIFF: James Daumer Jr., an individual.

DEFENDANT: Walmart, Inc., a Delaware corporation et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: STK-CV-UPI-2026-0000142 |
|---|---|

To *(name of one defendant only)*: Walmart, Inc., a Delaware corporation
Plaintiff *(name of one plaintiff only)*: James Daumer Jr., an individual.
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ............................................................... $ 1,000,000.00
   b. [ ] Emotional distress. ................................................................................ $
   c. [ ] Loss of consortium ............................................................................... $
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ............... $
   e. [ ] Other *(specify)* _____ $
   f. [ ] Other *(specify)* _____ $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* .................................................................. $ 1,000.000.00
   b. [ ] Future medical expenses *(present value)* ................................................ $
   c. [ ] Loss of earnings *(to date)* ................................................................... $
   d. [ ] Loss of future earning capacity *(present value)* ....................................... $
   e. [ ] Property damage ................................................................................ $
   f. [ ] Funeral expenses *(wrongful death actions only)* ...................................... $
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. $
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $
   i. [ ] Other *(specify)* _____ $
   j. [ ] Other *(specify)* _____ $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 02/23/2026

Sue Kim, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. July 1, 2025]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
courts.ca.gov

**CIV-050**

| | |
|---|---|
| PLAINTIFF: James Daumer Jr., an individual. | CASE NUMBER: |
| DEFENDANT: Walmart, Inc., a Delaware corporation et al | STK-CV-UPI-2026-0000142 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the

   a. ☐ Statement of Damages    ☐ Other    *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant    ☐ other    *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*

   a. ☐ **Personal service.** By personally delivering copies. (Code Civ. Proc., § 415.10.)

   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(a).)

   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(b).) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Code Civ. Proc., § 415.30.) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (Code Civ. Proc., § 415.40.) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*

      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

CIV-050 [Rev. July 1, 2025]

**PROOF OF SERVICE
(Statement of Damages)**

Page 2 of 2
Code of Civil Procedure §§ 425.11, 425.115

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form |  Clear this form

# EXHIBIT C

B1778-6448  05/24/2023  2:05 PM Received by California Secretary of State

## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20230847921 |
| Date Filed: 5/24/2023 |

### Entity Details

| | |
| --- | --- |
| Corporation Name | WALMART INC. |
| Entity No. | 1634374 |
| Formed In | DELAWARE |

### Street Address of Principal Office of Corporation

| | |
| --- | --- |
| Principal Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |

### Mailing Address of Corporation

| | |
| --- | --- |
| Mailing Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |
| Attention | |

### Street Address of California Office of Corporation

| | |
| --- | --- |
| Street Address of California Office | None |

### Officers

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Chief Executive Officer |
| Rachel Brand | 702 SW 8TH STREET Bentonville, AR 72716 | Secretary |
| John David Rainey | 702 SW 8TH STREET Bentonville, AR 72716 | Chief Financial Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Director |
| John David Rainey | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| Rachel Brand | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| Emma Waddell | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President |
| Gordon Y. Allison | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President  & Assistant Secretary |
| Jessica Rancher | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Vice President | |
| Matthew Allen | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Vice President & Assistant Treasurer |
| Sarah Little | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |
| Geoffrey Edwards | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |

| ▪ Michael Cook | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President & Assistant Treasurer |
|---|---|---|---|

**Agent for Service of Process**

California Registered Corporate Agent (1505)

C T CORPORATION SYSTEM
Registered Corporate 1505 Agent

**Type of Business**

Type of Business

Retail Sales

**Email Notifications**

Opt-in Email Notifications

Yes, I opt-in to receive entity notifications via email.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Kelly Lettmann*

Signature

*05/24/2023*

Date

B1778-6449  05/24/2023  2:05 PM Received by California Secretary of State

# EXHIBIT D

**Details**

---

**For service of process contact the** Secretary of State's office.

LLC Member information is now confidential per Act 865 of 2007

**For access to our corporations bulk data download service** click here.

Corporation Name
WALMART INC.

Fictitious Names
BUD'S DISCOUNT CITY
BUD'S WAREHOUSE OUTLET
BUD'S WAREHOUSE OUTLET
FORT SMITH REMARKETING
SAM'S CLUB
SAM'S WHOLESALE CLUB
WAL-MART
WAL-MART AVIATION
WAL-MART EXPRESS
WAL-MART NEIGHBORHOOD MARKET
WAL-MART NEIGHBORHOOD MARKET
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER #1147
WAL-MART SUPERCENTER #8
WAL-MART VACATIONS
WALTON LIFE FITNESS CENTER

Filing #
100067582

Filing Type
Foreign For Profit Corporation

Filed Under Act
For Bus Corp; 958 of 1987

Status
Good Standing

Principal Address
—

C T CORPORATION SYSTEM

Agent Address
124 WEST CAPITOL AVENUE, SUITE 1900 LITTLE ROCK, AR 72201

Date Filed
03/31/1970

Officers
SEE FILE, Incorporator/Organizer
JESSICA . RANCHER, Vice-President
RACHEL . BRAND, Secretary
C DOUGLAS MCMILLON, President

Foreign Name
—

Foreign Address
702 SW 8TH STREET BENTONVILLE, AR 72716

State of Origin
DE
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

# EXHIBIT E

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
Millicent Wong, Esq. (SBN 366897)
mwong@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:     (949) 942-8500
Facsimile:     (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

Electronically Filed
Superior Court of California
County of San Joaquin
2026-03-13 17:33:10
Clerk: Haley Studer

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JAMES DAUMER, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation;<br>and DOES 1 (MANAGER); and DOES 2-50,<br>inclusive,<br><br>Defendants. | Case No.  STK-CV-UPI-2026-0000142<br><br>**Assigned For All Purposes To:**<br>Hon. Blanca Bañuelos<br>Dept. 10B<br><br>**DEFENDANT WALMART, INC.'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT**<br><br>Complaint Filed:     01/09/2026<br>Trial Date:     None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers Plaintiff JAMES DAUMER, JR.'s Complaint ("Complaint") in this action as follows:

## GENERAL DENIAL

Defendant denies both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's

1

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of any act or omission of Defendant or its agents or employees.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute any cause of action against this answering Defendant, or at all.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that Plaintiffs were and are duty bound to use reasonable diligence in caring for their injuries, if any, and to use reasonable means to prevent aggravation, accomplish healing and to mitigate the amount of damages, if any, as a result of the personal injuries allegedly sustained, and that Defendant's liability, if any, must be limited to the amount of damage that would have been sustained if the Plaintiffs had exercised the diligence required to mitigate the damages sought by said Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that Plaintiff was careless and negligent in and about the matters alleged in the Complaint, and that such carelessness and negligence on the part of Plaintiff proximately contributed to the happenings of the incident and to the injuries, loss, and damages complained of, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

4. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff was negligent in and about the matters referred to in the Complaint, and that such negligence on the part of said

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were any, and that Defendant is not liable for said proportionate share of non-economic damages.

### FIFTH AFFIRMATIVE DEFENSE

#### (Comparative Fault of Third Parties)

5.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that it is not legally responsible in any fashion with respect to the damages and injuries claimed by Plaintiff in the Complaint; however if Defendant is subjected to any liability to Plaintiff or any cross-complainant herein, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others. Wherefore, any recovery obtained by Plaintiff should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

### SIXTH AFFIRMATIVE DEFENSE

#### (Proportionate Fault)

6.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in the Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any there were; and that this answering Defendant shall not be liable for such parties' proportionate share of non-economic damages.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Joint and Several Liability)

7.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that is liability is assessed against it, pursuant to California Civil Code § 1431

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

et seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but if Defendant in setting for the this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, makes no admission that Plaintiff has been damaged in any sum or sums at all.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations and Laches)

8.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that Plaintiffs' claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 312, 335, 338, 340, 340.2, 340.8, 343 and/or 366.1, or by the doctrine of laches, or both. Plaintiffs' claims are further barred by the statutes of limitation other than those existing under the laws of the State of California, pursuant to California Code of Civil Procedure § 361.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that as a result of the acts, conduct and/or omissions of Plaintiffs and their agents, or any of them, each cause of action presented in the Complaint has been waived.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

10.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that Plaintiffs voluntarily and knowingly assumed all of the risks of injury and/or damages resulting from the matters set forth in the Complaint and said assumption of risk was a proximate and/or legal cause of the injuries and/or damages sustained by Plaintiffs, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening and/or Superseding Event)

11.    Further answering the Complaint, and as a separate affirmative defense thereto,

4

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant alleges that Plaintiffs' injuries and damages, if any, were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct, of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Care and Diligence)

12. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that it exercised due care and diligence in all of the matters alleged in the Complaint, and that no conduct by or attributable to Defendant was the cause in fact or the proximate cause of the damages, if any, suffered by Plaintiffs, nor a substantial factor in bringing about said damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preexisting Condition)

13. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant alleges that the injuries complained of, and the damages sought by Plaintiff were caused or aggravated by Plaintiffs preexisting medical condition.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Constructive Notice)

14. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that Plaintiff's cause of action for premises liability is barred because Defendant did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

15. Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that Plaintiff's cause of action for premises liability is barred because Defendant did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

5

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Open and Obvious)

16.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unavoidable Accident)

17.    Further answering the Complaint, and as a separate affirmative defense thereto, Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of answering Defendant.

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint;

6

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    For attorneys' fees and costs of suit incurred in defense of this action; and

4.    For such other, further relief, as this Court may deem just and proper.


DATED:    March 13, 2026                    **O'HAGAN MEYER**

By: _____
David Davidson, Esq.
Alina Goncharova, Esq.
Millicent Wong, Esq.
Attorneys for Defendant,
WALMART, INC.

7

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              ) ss.
COUNTY OF LOS ANGELES         )

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **March 13, 2026**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the parties in said action as follows:

**SEE SERVICE LIST**

☐       **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐       **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

☒       **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒       **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 13, 2026,** at Los Angeles, California.

_____
*Amber Gurzenski*

1

PROOF OF SERVICE

**<u>SERVICE LIST</u>**
*Daumer, James Jr. v. Walmart, Inc., et al.*
San Joaquin Superior Court Case No. STK-CV-UPI-2026-0000142
O'Hagan Meyer File No.: 2967-51425

Sue H. Kim, Esq.                                      Attorneys for Plaintiff
Downtown LA Law Group                       James Daumer, Jr.
540 S. Santa Fe Avenue
Los Angeles, CA 90013
Tel: 213-389-3765; Fax: 310-389-2775
sue@downtownlalaw.com

2
PROOF OF SERVICE

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **March 17, 2026**, I served the within document(s) described as:

**DEFENDANT WALMART INC. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 3/17/2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **March 17, 2026,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

**CERTIFICATE OF SERVICE**

# SERVICE LIST

*Daumer, James Jr. v. Walmart, Inc., et al.*
O'Hagan Meyer File No.: 2967-51425

Sue H. Kim, Esq.                              Attorneys for Plaintiff
Downtown LA Law Group                 James Daumer, Jr.
540 S. Santa Fe Avenue
Los Angeles, CA 90013
Tel: 213-389-3765; Fax: 310-389-2775
sue@downtownlalaw.com

**CERTIFICATE OF SERVICE**